# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YAFENG ZHU & SHUHUI ZHANG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:24-CV-908-MAB |
| | ) |
| KEELEY & SONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court are four Motions to Dismiss filed by Defendants Keeley & Sons, Inc. (Doc. 80), Kilian Corporation (Doc. 82), Kilian Transport (Doc. 83), and Asphalt Sales & Products, Inc. (Doc. 84), all of which seek the dismissal of the "willful and wanton conduct" claims raised against them in Plaintiffs' Second Amended Complaint (*see* Doc. 78). For the reasons set forth below, the motions to dismiss are DENIED (Docs. 80, 82, 83, 84).

### BACKGROUND[1]

Plaintiffs Yafeng Zhu and Shuhui Zhang filed this action in March 2024 for alleged damages related to an incident that occurred in April 2022 (*see* Doc. 1). Specifically, Plaintiffs allege that at approximately 12:21 a.m. on April 1, 2022, Plaintiff Zhu was traveling westbound on a two-lane section of Interstate 70 in Bond County, Illinois, as

---

[1] This matter is currently before the Court on Defendants' Motions to Dismiss (Docs. 80, 82, 83, 84). Therefore, the Court takes all well-pleaded factual allegations in Plaintiffs' Seconded Amended Complaint (Doc. 78) as true and draws all permissible inferences in Plaintiffs' favor. *See, e.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020).

part of his employment (Doc. 78 at p. 6). The right lane of the highway contained markings for ongoing construction, but no construction work was being performed at that time (*Id.*). At or near milepost 37.6 westbound, there was a manmade pothole that was only marked by cones in the right lane (*Id.*). However, the pothole protruded into the left lane without any signs or warnings (*Id.*). As a result, Plaintiff Zhu's vehicle crashed into the manmade pothole, causing the vehicle to flip onto its side and Plaintiff Zhu to suffer severe injury and expense (*Id.* at pp. 7-8).

An Illinois State Police Trooper responded to the incident and in doing so, notified an Illinois Department of Transportation dispatcher that the construction zone was "NOT marked well with barriers and there is a 1 foot drop off." (*Id.* at p. 8). Plaintiffs allege that each of the named contractor Defendants were contracted on, and responsible for, the construction zone where the incident occurred (*Id.*).

Several months after filing this action, Plaintiffs filed a First Amended Complaint that no longer included claims against a defendant that Plaintiffs sought to voluntarily dismiss (*see* Doc. 63). Thereafter, Plaintiffs filed the operative Second Amended Complaint in August 2024 in response to the Court's Jurisdictional Order (Doc. 78; *see also* Doc. 75). As is relevant to Defendants' four motions to dismiss, Plaintiffs' Second Amended Complaint includes the following counts:

> **Count I** – Negligence (Plaintiff Zhu v. Keeley & Sons, Inc.),
> **Count IV** – Willful & Wanton Conduct (Plaintiffs v. Keeley & Sons, Inc.),
>
> **Count V** – Negligence (Plaintiff Zhu v. The Kilian Corporation),
> **Count VIII** - Willful & Wanton Conduct (Plaintiffs v. The Kilian Corporation),

> **Count IX –** Negligence (Plaintiff Zhu v. Kilian Transport, Inc.)
> **Count XII –** Willful & Wanton Conduct (Plaintiffs v. Kilian Transport, Inc.),
>
> **Count XIII –** Negligence (Plaintiff Zhu v. Asphalt Sales & Products, Inc.),
> **Count XVI –** Willful & Wanton Conduct (Plaintiffs v. Asphalt Sales & Products, Inc.).

(*see generally* Doc. 78). In response, Defendant Keeley & Sons, Inc., filed an Answer (Doc. 79) and a Motion to Dismiss Count IV of Plaintiffs' Second Amended Complaint (Doc. 80). Thereafter, Defendant Kilian Corporation filed an Answer (Doc. 85) and a Motion to Dismiss Count VIII of Plaintiffs' Second Amended Complaint (Doc. 82); Defendant Kilian Transport, Inc., filed an Answer (Doc. 86) and Motion to Dismiss Count XII of Plaintiffs' Second Amended Complaint (Doc. 83); and Defendant Asphalt Sales & Products, Inc., filed an Answer (Doc. 87) and a Motion to Dismiss Count XVI of Plaintiffs' Second Amended Complaint (Doc. 84).[2] On September 10, 2024, Plaintiffs filed responses opposing all four of Defendants' motions (Docs. 89, 90, 91, 92).

## LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the

---

[2] Notably, all four of the motions to dismiss seek dismissal of specific counts raised in Plaintiffs' Second Amended Complaint (*i.e.*, Doc. 78), but then cite to Plaintiffs' First Amended Complaint (*i.e.*, Doc. 63). Whether Defendants' citation to Doc. 63, the First Amended Complaint, was a mere clerical error or made for some other reason, this mistake is inconsequential because the counts (and even page/paragraph numbers) are identical between the First and Second Amended Complaints (*compare* Doc. 63 *with* Doc. 78). Therefore, for purposes of judicial economy, the Court has not required Defendants to amend their motions to fix this minor error. *See, e.g.*, *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Where the parties' intentions are clearly defined and 'all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.'").

Court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020). However, "legal conclusions and conclusory allegations . . . are not entitled to this presumption of truth." *Dix*, 978 F.3d at 513 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S, 555, 557 (2007)). "[W]hile a complaint does not need 'detailed factual allegations' to survive a 12(b)(6) motion to dismiss, it must allege sufficient facts 'to state a claim to relief that is plausible on its face.'" *Dix*, 978 F.3d at 512-13 (quoting *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014)).

### DISCUSSION[3]

Defendants each argue that the respective count alleging willful and wanton conduct against them (i.e., Counts IV, VIII, XII, and XVI) should be dismissed because Plaintiffs' allegations "do not amount to an intention to harm and a conscious disregard for Plaintiffs' welfare." (Doc. 80 at p. 2; Doc. 82. at p. 2; Doc. 83 at p. 2; Doc. 84 at p. 2). Further, Defendants aver that the allegations raised by Plaintiffs merely support claims of negligence, which were separately raised against them in Counts I, V, IX, and XIII (*Id.*). In response, Plaintiffs contend that they have pleaded sufficient facts to support their willful and wanton conduct claims and Defendants' arguments misconstrue the applicable law (*see* Docs. 89, 90, 91, 92).

---

[3] All four of Defendants' motions and likewise, all four of Plaintiffs' responses, are nearly - if not entirely – identical to one another. Therefore, to avoid unnecessary redundancy, the Court has considered all four motions together.

Under Illinois law, willful and wanton conduct is regarded as an aggravated form of negligence and there is no separate and independent tort of willful and wanton conduct. *See Krywin v. Chicago Transit Auth.*, 938 N.E.2d 440, 452 (Ill. 2010). "To recover damages based upon a defendant's alleged negligence involving willful and wanton conduct, the plaintiff must allege and prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injury." *Id.* In addition, to adequately plead willful and wanton conduct, "a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Doe ex rel. Ortega-Piron v. Chicago Bd. of Educ.*, 820 N.E.2d 418, 423 (Ill. 2004). "Courts determine whether conduct is willful and wanton on a case-by-case basis, as '[w]illful and wanton conduct is not a static concept' but instead 'exists along a continuum.'" *Doe v. Bd. of Educ. of City of Chicago*, 22 C 583, 2024 WL 4041318, at *5 (N.D. Ill. Sept. 4, 2024) (quoting *Winfrey v. Chi. Park Dist.*, 654 N.E.2d 508, 512 (Ill. App. 1995)). "Whether particular conduct can be characterized as willful and wanton depends on each case's facts and ordinarily presents a question of fact for the jury to determine." *Baumrucker v. Express Cab Dispatch, Inc.*, 84 N.E.3d 482, 494 (Ill. App. 2017).

Notably, Defendants' motions acknowledge Plaintiffs' related negligence claims and have not challenged their sufficiency (*see, e.g.*, Doc. 80 at pp. 1-2; *see also* Doc. 89 at p. 4). As such, the Court only briefly mentions that Plaintiffs' negligence and willful and wanton claims sufficiently plead that: (1) Defendants owed Plaintiffs a duty, (2) Defendants breached that duty; and (3) the breach was the proximate cause of Plaintiffs'

injuries (*see generally* Doc. 78). Accordingly, the Court focuses upon whether Plaintiffs' willful and wanton claims raised in Counts IV, VIII, XII, and XVI adequately "allege *either* a deliberate intention to harm *or* an utter indifference to or conscious disregard for the welfare of the plaintiff." *Doe ex rel. Ortega-Piron*, 820 N.E.2d at 423 (emphasis added).[4] *See also Spinka v. Drake*, 14-CV-583-DRH-PMF, 2016 WL 1258460, at *2 (S.D. Ill. Mar. 31, 2016) ("To sufficiently plead willful and wanton conduct, a plaintiff must allege not only duty, breach, and proximate cause, but also that the defendant engaged in a course of action that showed a deliberate intention to harm or an utter indifference to or conscious disregard for the plaintiff's welfare."). And here, because Plaintiffs have not pleaded facts establishing that Defendants intentionally sought to harm them, whether Plaintiffs' have sufficiently pleaded willful and wanton conduct is dependent upon whether the Second Amended Complaint adequately alleges Defendants' utter indifference or conscious disregard to Plaintiffs' welfare.[5]

Analyzing the Second Amended Complaint, Plaintiffs have alleged: (1) that Defendants were aware vehicles, including trucks like the one driven by Plaintiff Zhu,

---

[4] To the extent Defendants may have misconstrued this standard, the Court emphasizes the "either – or" portion of this quotation to make it clear that Plaintiffs were not required to plead both an intent to harm *and* a conscious disregard. A plaintiff alleging a claim of willful and wanton conduct does not need to allege a deliberate intent to harm so long as the plaintiff adequately alleges utter indifference to or a conscious disregard for his or her welfare. *See Oelze v. Score Sports Venture, LLC,* 927 N.E.2d 137, 148 (Ill. App. 2010) ("A nonintentional willful or wanton act is committed under circumstances showing a reckless disregard for the safety of others[.]").

[5] In other words, neither Plaintiffs' Second Amended Complaint nor Plaintiffs' responses have alleged and/or argued that Defendants acted with a deliberate intention to harm Plaintiffs (*see generally* Doc. 78; Doc. 89 at pp. 5-6). Accordingly, because Plaintiffs' Second Amended Complaint "does not plead facts establishing a deliberate intention to harm …, the issue at hand is whether [Plaintiffs have] established facts sufficient to support an 'utter indifference to or conscious disregard for' [their] safety." *Spinka v. Drake*, 14-CV-583-DRH-PMF, 2016 WL 1258460, at *4 (S.D. Ill. Mar. 31, 2016).

would continue to drive on the highway while the construction site was left unattended; (2) Defendants created and/or were aware of the manmade pothole's presence, as evinced by their placement of cones around it in the right lane and closure of the right lane; (3) Defendants knew that the manmade pothole protruded into left lane, yet chose to leave that portion of the pothole unmarked; (4) Defendants knew of the difficulties in maneuvering around the protruding pothole, particularly for large vehicles; (5) Defendants knew that highway accidents often cause serious injury or death; and (6) Defendants consciously disregarded the serious risk of harm the manmade pothole posed by protruding into the left lane without any markings or warnings (*see* Doc. 78 at pp. 12-13, 17-19, 23-24, 28-30). Put another way, Plaintiffs alleged that Defendants knew the pothole protruded into a lane actively being used by traffic, knew of the difficulties and impending danger the protruding pothole posed to traffic, and knew that the portion of the pothole protruding into the left lane was not marked. *See Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist.*, 811 N.E.2d 1259, 1263 (Ill. App. 2004) ("An actor's 'utter indifference' or 'conscious disregard' for the safety of others may be inferred from the outrageous nature of the conduct committed.").

Given these factual allegations, the Court concludes that Plaintiffs have adequately alleged willful and wanton conduct on the part of Defendants. *See, e.g.*, *Krivitskie v. Cramlett*, 704 N.E.2d 957, 960 (Ill. App. 1998) ("However, we do believe that alleging that someone was driving too fast in the rain could support a cause of action for willful and wanton misconduct."); *Swanson v. Murray Bros., LLC*, 19-CV-3220, 2021 WL 782273, at *4 (C.D. Ill. Mar. 1, 2021) (finding a claim of willful and wanton conduct was

sufficiently pleaded where it was alleged that the defendant driver knew the truck had not been properly maintained and was unsafe to use on the road, yet did so anyway while taking additional actions that disregarded the safety of others). Accordingly, Defendants' motions seeking to dismiss Plaintiffs' willful and wanton claims found in Counts IV, VIII, XII, and XVI are DENIED (Docs. 80, 82, 83, 84).

## CONCLUSION

For the reasons discussed above, the motions to dismiss Counts IV, VIII, XII, and XVI filed by Defendants Keeley & Sons, Inc. (Doc. 80), Kilian Corporation (Doc. 82), Kilian Transport, Inc. (Doc. 83), and Asphalt Sales & Products, Inc. (Doc. 84), are **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 12, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**