IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YAFENG ZHU & SHUHUI ZHANG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:24-CV-908-MAB |
| | ) |
| KEELEY & SONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiffs' Motion for Leave to Exceed 10 Depositions (Doc. 112) and Defendant Keeley & Sons' Motion to Amend the Scheduling Order (Doc. 113). For the reasons discussed below, both motions are GRANTED (Docs. 112, 113).

    I.    *Plaintiffs' Motion for Leave to Exceed 10 Depositions (Doc. 112)*

Plaintiffs filed the instant motion for leave to exceed 10 depositions because of the complexity of this case, the number of parties involved, and the need to fully assess each Defendant's role (*see* Doc. 112 at p. 3). Defendant Keeley & Sons (hereinafter "Keeley") filed a response in opposition, which argues that additional depositions would cause further delays, be unduly burdensome and expensive, and result in duplicative or cumulative testimony (*see generally* Doc. 114).

    a.  *Legal Standard*

Federal Rule of Civil Procedure 30(a)(2)(A) creates a presumptive limit of 10 depositions per side. *See United States v. U.S. Steel Corp.*, 2:12-CV-304, 2014 WL 1571322,

at *1 (N.D. Ind. Apr. 17, 2014). However, pursuant to Rule 30(a)(2), "a court 'must grant leave' to take more than 10 depositions if doing so would be consistent with Rules 26(b)(1) and (2)." *PeopleFlo Mfg., Inc. v. Sundyne, LLC*, 20 CV 3642, 2022 WL 1062706, at *1 (N.D. Ill. Apr. 8, 2022) (citing FED. R. CIV. P. 30(a)(2)). Regarding Rule 26(b):

> Rule 26(b)(1) requires a court to consider the relevance of the proposed deponents' testimony and whether allowing additional depositions would be " 'proportional' to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *LKQ Corp. v. Gen. Motors Co.*, No. 20 CV 2753, 2021 WL 4125097, at *3 (N.D. Ill. Sep. 9, 2021) (citing Fed. R. Civ. P. 26(b)(1)). In turn, Rule 26(b)(2) directs a court to limit discovery if it determines:
>
> > (i) The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> > (ii) The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> > (iii) The proposed discovery is outside the scope permitted by Rule 26(b)(1).

*PeopleFlo Mfg., Inc.*, 2022 WL 1062706 at *1-2 (citing FED. R. CIV. P. 26(b)(1) and (2)).

Additionally, the party seeking leave "to take additional depositions must make a particularized showing for the need for such depositions." *Farris v. Kohlrus*, 17-CV-3279, 2020 WL 10691950, at *3 (C.D. Ill. June 12, 2020). Ultimately, the Court considers the totality of the circumstances when deciding whether to authorize the requested, additional depositions. *Id.* Furthermore, "[d]istrict courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

b. *Analysis*

The Court finds Plaintiffs have made an appropriate, particularized showing as to the need of each of the requested depositions. Specifically, Plaintiffs seek permission to depose:

(1-2) Zach Maggio and Michael Lant because both were employees of Defendant Keeley that were identified as having arrived at the scene after the crash (Doc. 112 at p. 8);

(3) Eugene Keeley because of his knowledge of the division of responsibilities between Defendant Keeley and the other Defendants, as well as organizational operations (*Id.*);

(4-5) Kevin Roche and Tanner Thebeau, two of Defendant Keeley's project managers, who will have unique insights into how the construction project was executed (*Id.* at pp. 8-9);

(6) Aaron Neuf, Defendant Keeley's project supervisor, who will have unique insights into project preparation decisions (*Id.* at p. 9);

(7-11) Charles Dixon, Larry Koonce, Cody Bingham, David Danback, and Mike Whitworth, all of whom were employees of Defendant Keeley and may have relevant and unique knowledge and perspectives regarding safety device placement around the time of the crash (*Id.*);

(12-13) Kenneth Kilian and Steve Williams, both of whom may have unique information regarding the contract and division of labor amongst Defendants (*Id.*);

(14) Brett Winters, an Illinois Department of Transportation employee who was present at the scene shortly before the accident occurred and can provide his unique impressions (*Id.*);

(15) Officer J. Doris, a responding officer who can provide impressions regarding the accident scene and causation (*Id.* at pp. 9-10);

(16) Michael Drum, Sr., a witness to the crash, who can provide unique insights into Plaintiff Zhu's driving and roadway conditions (*Id.* at p. 10);

> (17) Abbot EMS Paramedic(s) who responded to the accident and can provide details regarding Plaintiff Zhu's condition at the time of the crash, as well as impressions of the scene where the crash occurred (*Id.*).[1]

Having considered the arguments raised by both parties for permitting and prohibiting the depositions of the individuals identified above, the Court finds that Plaintiffs have made a particularized showing of the need to conduct each additional deposition, and said depositions are not unreasonable or unnecessarily cumulative. *See Terry v. Cook Cnty. Dept. of Corr.*, 09 C 3093, 2011 WL 116879, at *1 (N.D. Ill. Jan. 13, 2011) ("Having reviewed the parties' submissions, the court concludes that Terry's decision to depose those witnesses was not unreasonable, even if it turns out, as defendants argue, that they will add little to the case.").

In addition to the reasons provided by Plaintiffs' particularized showings, several other unique circumstances provide further justification for granting Plaintiffs' motion. For one, as Defendants' have conceded, this case is a complex personal injury action involving numerous parties, witnesses, and experts (*see generally* Doc. 78). Second, Plaintiffs' motion indicates that a passenger in Plaintiff Zhu's vehicle has filed suit regarding the same events against Defendants in state court, and the parties to both cases have been jointly conducting depositions (Doc. 112 at p. 12). Plaintiff further indicates that the state court plaintiff intends to conduct the same, additional depositions, and no deposition limitation is presumed under Illinois law (Doc. 112 at p. 12). Therefore, the

---

[1] Notably, Plaintiffs are granted leave to depose one Abbot EMS Paramedic. To the extent Plaintiffs seek to depose more than one EMS paramedic (and those additional paramedic depositions have not already occurred), Plaintiff may file another motion further identifying the additional, requested paramedic(s) and explaining why their deposition(s) are necessary.

expense and burden imposed upon Defendants by allowing the requested, additional depositions in this case is minimized.[2] Furthermore, at the Status Conference held on 5/1/2025, the parties indicated that they have continued to conduct depositions after Plaintiffs' motion was filed and as of that date, only 3 or 4 fact witness depositions still needed to be taken (*see* Doc. 119). In other words, a majority of the additional, requested depositions have already been taken, such that no benefit would result from prohibiting their use. *See, e.g.*, *Advanced Sterilization Products, etc. v. Jacob*, 190 F.R.D. 284, 286 (D. Mass. 2000) (Holding that "[i]t makes little sense to prohibit [the] use" of two depositions taken in excess of the ten-deposition limit when those depositions occurred before the court ruled upon the defendant's emergency motion for a protective order).

In summary, given the particularized showing of need for each additional deposition, as well as the totality of the circumstances presented in this case, the Court finds Plaintiffs have demonstrated why the additional, requested depositions are

---

[2] Defendant Keeley's response indicates that Defendant Keeley has objected to the state court plaintiff being present in the depositions (*see* Doc. 114 at p. 11). However, that issue has not been properly raised before the Court; and in any event, "[a]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978). Thus, absent an applicable protective order, the Court doubts Defendants could prevent Plaintiffs in this case from sharing deposition transcripts/materials with the state court plaintiff (and vice versa). *See Id.* at 597 (Affirming the district court's modification of a "protective order on the motion of a nonparty in order to permit that nonparty retroactive access to discovered documents."); *Elm Energy & Recycling (U.K.) Ltd. v. Basic*, 96 C 1220, 1996 WL 596456, at *9 (N.D. Ill. Oct. 9, 1996) ("[U]nless it can be shown that the discovering party is exploiting the instant litigation solely to assist in other litigation before a foreign forum, federal courts do allow full use of the information in other forums.") (quoting *Johnson Foils v. Huyck Corp.*, 61 F.R.D. 405, 410 (N.D.N.Y. 1973)); *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1301 (7th Cir. 1980) ("We conclude that, given the close similarity between the New York action and Wilk and the Panel's conclusion that 'much of the relevant discovery (in the New York action) has already occurred in the Illinois action', the State is presumptively entitled to access to all of the Wilk discovery on the same terms as the Wilk plaintiffs."); *but see Estate of Samuelson by Samuelson v. ArcelorMittal USA*, LLC, 2:13-CV-440-JVB-PRC, 2016 WL 11605340, at *2 (N.D. Ind. June 2, 2016) (allowing nonparty counsel to listen and observe the case's depositions, but granting in part the defendant's motion for a protective order by prohibiting nonparty counsel from actively participating in the depositions).

necessary. Therefore, Plaintiffs' Motion for Leave to Exceed 10 Depositions is GRANTED (Doc. 112) and Plaintiffs are permitted to depose the additional individuals discussed above.

    II.    <u>*Defendant Keeley's Motion to Amend the Scheduling Order (Doc. 113)*</u>

Defendant Keeley filed the instant Motion to Amend/Correct Scheduling Order, which requests the Court extend the deadlines for expert depositions, discovery, and dispositive motions by ten to twelve weeks (Doc. 113). Defendant Keeley contends that this extension is warranted because of the severity of Plaintiff Zhu's alleged injuries, which has necessitated extensive discovery to date and necessitates additional physician depositions (*Id.* at p. 2). Plaintiffs filed a response in opposition, arguing Defendants were already aware of the nature and severity of Plaintiff Zhu's alleged injuries, and Defendants alone are responsible for the delays they now request an extension for (Doc. 115).

Given the extensive discovery conducted to date and the complexity of the issues raised in this action, the Court finds Defendant Keeley has demonstrated good cause to amend the scheduling order. Accordingly, Defendant Keeley's Motion to Amend/Correct the Scheduling Order is GRANTED (Doc. 113) over Plaintiffs' objections.

The Scheduling Order is hereby AMENDED as follows: depositions of Plaintiffs' experts must be taken by 8/15/2025; depositions of Defendants' experts must be taken by 10/17/2025; and depositions of Third-Party experts must be taken by 11/13/2025. Discovery shall be completed by 11/14/2025; and all dispositive motions shall be filed by 12/12/2025.

However, as discussed by the parties at the Status Conference held on 5/1/2025 (*see* Doc. 119), the current mandatory mediation session deadline of 7/23/2025 and mandatory mediation program completion deadline of 9/5/2025 will remain in place. The parties may, however, file an appropriate motion to extend those mediation deadlines if they come to believe that complying with current mediation deadlines will adversely impact mediation proceedings.

Additionally, the presumptive jury trial month is RESET for April 2026.

## Conclusion

For the reasons discussed above, Plaintiffs' Motion for Leave to Exceed 10 Depositions is **GRANTED** (Doc. 112); and Defendant Keeley's Motion to Amend the Scheduling Order is **GRANTED** (Doc. 113).

The Scheduling Order is AMENDED as follows: depositions of Plaintiffs' experts must be taken by 8/15/2025; depositions of Defendants' experts must be taken by 10/17/2025; and depositions of Third-Party experts must be taken by 11/13/2025. Discovery shall be completed by 11/14/2025; and all dispositive motions shall be filed by 12/12/2025. Additionally, the presumptive jury trial month is RESET for April 2026.

**IT IS SO ORDERED.**

**DATED: May 12, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
