IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YAFENG ZHU & SHUHUI ZHANG, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 3:24-CV-908-MAB |
| KEELEY & SONS, INC., et al., | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendant Keeley & Sons' Motion to Compel Deposition of Dr. Wen (Doc. 131). For the reasons discussed below, Defendant Keeley's Motion to Compel is DENIED (Doc. 131).

### BACKGROUND

Plaintiffs Yafeng Zhu and Shuhui Zhang filed this action in March 2024 for alleged damages related to a motor vehicle accident that occurred in April 2022 (*see* Doc. 1).[1] Pursuant to the original Scheduling Order, discovery was to be completed by August 22, 2025, and dispositive motions were to be filed by September 19, 2025 (Docs. 104, 104-1). Subsequently, on April 3, 2025, Defendant Keeley & Sons (hereinafter "Keeley") filed a Motion to Amend which sought to "extend the deadline for expert depositions and to amend additional discovery and motion deadlines by 10-12 weeks." (Doc. 113 at p. 2). Plaintiffs filed a response in opposition which argued, among other things, that

---

[1] For a more detailed recollection of Plaintiffs' allegations and the history of this case, see the Court's Order dated March 12, 2025 (Doc. 111).

Page **1** of **11**

Defendants had not justified such a lengthy extension of time and "the delay in conducting depositions of the relevant treating physicians is the result of [Defendants'] own delay." (Doc. 115 at p. 2). The Court heard additional arguments on the requested extension at a Status Conference on May 1, 2025 (Doc. 119). At that time, the parties indicated that written discovery was complete, approximately 15-20 fact witness depositions had occurred, and 3 to 4 additional fact witness depositions still needed to be conducted (*Id.*). Defendants also told the Court that multiple treating physicians, whom they intended to depose, were located in California (*Id.*). Therefore, additional time was needed due to their numerosity and distant location (*Id.*).

On May 12, 2025, the Court granted Defendant Keeley's Motion to Amend (Doc. 120). Accordingly, the Scheduling Order was amended to include the following deadlines:

> Depositions of Plaintiffs' experts must be taken by 8/15/2025; depositions of Defendants' experts must be taken by 10/17/2025; and depositions of Third-Party experts must be taken by 11/13/2025. Discovery shall be completed by 11/14/2025; and all dispositive motions shall be filed by 12/12/2025.

(*Id.* at p. 6).

Several months later, on August 6, 2025, Plaintiffs filed a Motion to Close Fact Discovery, Extend Expert Deposition Deadline, and Set Firm Trial Date (Doc. 124). Most pertinently, that motion stated that "[b]oth parties have represented that they have no additional lay witnesses they seek to depose or produce for testimony. The only remaining discovery relates to expert witnesses and their opinions." (*Id.* at p. 2). Accordingly, Plaintiffs' motion sought to close fact discovery and extend the deadline to

conduct depositions of Plaintiffs' experts to September 30, 2025 (*Id.*). Defendants did not respond to Plaintiffs' motion.

Consequently, on October 3, 2025, the Court granted Plaintiffs' requests to close fact discovery and extend the deadline to depose Plaintiffs' experts (Doc. 126). Approximately one month later, the parties jointly moved to extend expert discovery deadlines (Doc. 127). At a scheduled Status Conference held just one day later, the Court discussed the parties' joint extension request and learned, for the first time, of a potential issue regarding the deposition of a witness (Doc. 128). However, rather than hearing arguments on an involved issue which the Court was previously unaware of (and thus, not prepared to address), the Court instead directed the parties to meet and confer (*Id.*). Meanwhile, the Court granted in part the joint motion for an extension of expert discovery deadlines, such that "any remaining depositions of Plaintiffs' experts were to be completed by 11/7/2025; Defendants' expert reports are to be disclosed by 12/5/2025; depositions of Defendants' experts are to be completed by 1/9/2026; Daubert motions, if any, are due by 2/9/2026; and all dispositive motions are due by 2/9/2026." (Doc. 129).

As reflected in the Court's Order dated November 12, 2025, the Court subsequently learned that the parties met and conferred but were unable to resolve the issue (Doc. 130). The Court's Order explained that "[a]s the Court understands it, Defendants seek the deposition of a witness, which Plaintiffs contend is untimely based on the date the witness was disclosed and the prior closure of fact discovery." (*Id.*). Accordingly, as instructed by the Court (*see Id.*), Defendant Keeley timely filed a Motion

to Compel the Deposition of Dr. Johnny Wen (Doc. 131). Plaintiffs timely filed a Response in Opposition one week later (Doc. 132).[2]

## DISCUSSION

Defendant Keeley argues that the Court should compel the deposition of Dr. Wen because, although Dr. Wen was initially disclosed as a fact witness, his most recent report and the reliance of Plaintiffs' experts upon that report demonstrates that "Dr. Wen's role goes beyond that of a simple 'treating physician.'" (Doc. 131 at p. 3). Therefore, according to Defendant Keeley, Dr. Wen cannot be considered a "fact witness" and must instead be identified and treated as a "retained expert witness," thereby entitling Defendants to depose him prior to the close of expert discovery (*Id.* at pp. 3-4). In response, Plaintiff contends that Dr. Wen was properly disclosed as a fact witness based upon his status as a treating physician and nothing in his reports alters that determination (*see* Doc. 132 at pp. 6-7). Accordingly, Plaintiffs aver that Defendants are solely to blame for failing to timely depose Dr. Wen as a fact witness and their instant attempts to belatedly depose him and/or bar his testimony and opinions are unduly prejudicial (*see generally Id.*).

I.   *Disclosure History and Reports of Dr. Wen:*

Dr. Wen was disclosed as a treating physician in Plaintiffs' Initial Rule 26 Disclosures provided to Defendants on November 20, 2024 (*see* Docs. 132-1, 132-2). Furthermore, Dr. Wen's medical records from an August 31, 2024, evaluation of Plaintiff Zhu were provided to Defendants on January 30, 2025 (*see* Doc. 132-3; *see also* Doc. 132-

---

[2] The Motion to Compel and the Response in Opposition both attached numerous documents, including email records, medical records, and deposition testimony (*see generally* Doc. 131-1 thru 131-6, and Doc. 132-1 thru 132-9). The Court's discussion will summarize and address these records as needed.

4).[3] After producing Plaintiff Zhu's medical records, emails between counsel demonstrate that Plaintiffs' counsel asked Defendants' counsel on several occasions if they intended to depose Plaintiff Zhu's treating physicians (*see generally* Docs. 132-5, 132-6, 132-7). On April 7, 2025, Plaintiffs' counsel also sent Defendants' counsel an email which identified Dr. Wen as one of the treating physicians Plaintiffs intended to call at trial (*see* Doc. 132-9).

Significantly, Plaintiff Zhu had a follow up evaluation with Dr. Wen on April 12, 2025 (*see* Doc. 131-1). That evaluation was summarized in a report prepared by Dr. Wen on May 12, 2025 (*Id.*).[4] That second report was disclosed and produced to Defendants in a supplemental Rule 26 disclosure on July 17, 2025 (*see* Doc. 131-2). Plaintiffs then disclosed their expert witnesses on August 13, 2025 (Doc. 125). Dr. Wen was not listed as one of Plaintiffs' experts (*Id.*).

II.     *Analysis of Defendant's Motion to Compel:*

There can be no question that Dr. Wen was timely disclosed as a fact witness (*see* Docs. 131-1; 131-2; 132-9). Conversely, it is equally apparent that Dr. Wen was not disclosed as a retained expert witness (Doc. 125). Thus, from the Court's perspective, this

---

[3] That first report, dated September 31, 2024, indicates that Plaintiff Zhu was referred to Dr. Wen, a neuropsychologist, by his prior counsel (Doc. 132-4). The first report then summarizes Plaintiff Zhu's medical and psychological history before listing numerous cognitive tests that were administered and providing Plaintiff Zhu's scores (*Id.*). Finally, that report summarizes Plaintiff Zhu's test results, includes conclusions as to recommended treatment for Plaintiff Zhu, and lists several diagnostic impressions (*Id.* at pp. 17-18).

[4] The second report prepared by Dr. Wen, dated May 12, 2025, indicates that Plaintiff Zhu was returning for a follow-up visit at the request of his attorney (Doc. 131-1). The second report then summarizes Plaintiff Zhu's medical and psychological history before listing several cognitive tests that were administered and providing Plaintiff Zhu's scores (*Id.*). Finally, the second report details Plaintiff Zhu's test results, provides conclusions as to recommended treatment for Plaintiff – including specifying anticipated annual costs, and reiterates that the prior evaluation's diagnostic impressions remain unchanged (*Id.* at pp. 10-13).

Motion to Compel boils down to the specific question of whether Dr. Wen should be deemed a fact witness (as a treating physician of Plaintiff Zhu) or an expert witness. If Dr. Wen is found to be a fact witness, then Defendant Keeley's Motion to Compel must be denied because it seeks to compel the deposition of a fact witness long after the deadline to do so has lapsed and without sufficient justification for the request's untimeliness. Conversely, if Dr. Wen is deemed an expert witness, then the Court must either compel his deposition or exclude his opinions (and potentially, other opinions that were created based upon his underlying opinions) because Plaintiffs impermissibly refused Defendants' timely request to depose him.

Federal Rule of Civil Procedure 26(a)(2), which governs the disclosure of expert witnesses, states:

> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

>    (C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>       (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>       (ii) a summary of the facts and opinions to which the witness is expected to testify.

FED. R. CIV. P. 26.

After carefully reviewing the briefs of Defendant Keeley and Plaintiffs, the Court concludes Dr. Wen's opinions were made in the course of his treatment of Plaintiff Zhu. Therefore, Dr. Wen must be deemed a fact witness and Defendant Keeley's request to depose him is untimely. Here, Dr. Wen physically met with Plaintiff Zhu, administered tests, and evaluated him based upon those test results prior to preparing each report (*see* Docs. 131-1, 132-4). Thus, rather than being retained to provide expert testimony as defined in Rule 26(a)(2)(B), this demonstrates Plaintiff Zhu visited Dr. Wen to be medically evaluated and Dr. Wen's determinations were made in the course of providing treatment. *See Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010)[5]; *Morrison v. Wal-Mart Stores, Inc.*, 321 F.R.D. 336, 338 (C.D. Ill. 2017) (finding a

---

[5] Both Defendant Keeley and Plaintiffs cite to *Meyers* to support their respective arguments (*see* Doc. 131 at p. 3; Doc. 132 at p. 7). In *Meyers*, the Seventh Circuit held "that a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)." 619 F.3d 729, 734-35 (7th Cir. 2010). However, as explained at length in *Morrison*, 321 F.R.D. 336, Rule 26(a)(2) was revised in 2010 to "resolve a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." *Id.* at 337-38 (quoting Fed. R. Civ. P. 26, 2010 Advisory Committee Note). Accordingly, "[t]he amended Rule now fills that gap with subsection (a)(2)(C), and the reasoning of *Meyers* and its progeny are therefore inapplicable to the amended version of the Rule." *Id.* at 339. In other words, more recent caselaw made in response to the Rule's amendment casts doubt upon the applicability of *Meyers* to the instant version of Rule 26(a)(2).

doctor did not need to prepare an expert witness written report under Rule 26 because was not a retained to provide expert testimony). And again, there can be no genuine dispute as to whether Plaintiffs' properly disclosed Dr. Wen as a fact witness – they did (*see, e.g.*, Docs. 131-2; 132-9).

Furthermore, the Court is not persuaded, at this time, by Defendant Keeley's contention that Dr. Wen's 2025 report "goes beyond that of a simple 'treating physician'" (Doc. 131 at p. 3) and thus transforms him into an expert witness that must be disclosed as such. While it is true that Dr. Wen's second report differs from his first by estimating annual costs associated with the anticipated treatment Dr. Wen recommended (*compare* Doc. 131-1 *with* Doc. 132-4), the first report also specified anticipated future treatment (*see* Doc. 132-4 at p. 18) (Stating, for example, that Plaintiff Zhu's "ongoing cognitive complaints can be addressed with a mandarin speaking neuropsychologist who can provide him with cognitive retraining and remediation."). In addition, while Defendant Keeley contends that Dr. Wen was asked by Plaintiffs' counsel to provide causation opinions for purposes of litigation (Doc. 131 at p. 3), Defendant Keeley has neither provided specific examples of Dr. Wen's allegedly improper causation opinions nor explained why Dr. Wen's opinions went beyond facts made known to him during the course of his treatment of Plaintiff Zhu. *See, e.g., Cobble v. Wal-Mart Stores E., L.P.*, 1:10-CV-010, 2010 WL 1088513, at *3 (N.D. Ind. Mar. 19, 2010) ("If Cobble's treating physician

---

Although *Morrison* implies that *Meyers* is no long applicable, the Court need not make such a distinction here because under either version of the Rule, it is clear that Dr. Wen was a treating physician who made determinations in the course of providing treatment.

bases his or her testimony upon facts learned during his or her care and treatment of Cobble and the opinion was not sought in anticipation of litigation, he or she may testify about causation, future medical care and prognosis, or permanency of injury or disability without producing an expert report under Rule 26(a)(2)(B). However, if the treating physician's testimony about causation, future medical care and prognosis, or permanency of injury or disability extends beyond facts made known to him or her during the course of care and treatment of Cobble, and the opinion was seemingly retained in anticipation of litigation, then an expert report is required."). Moreover, the Court does not yet know the specific topics and aspects of Dr. Wen's report that he will attempt to testify to as a fact witness. As a result, the Court need not preemptively reach a determination as to the hypothetical question of whether Dr. Wen would be able to testify about a specific subject as a fact witness. For these reasons, the Court finds Dr. Wen to be a treating physician and not a retained expert.[6]

Indeed, courts routinely limit the testimony of treating physicians when the physician is solely testifying as that of a fact witness. *See, e.g.*, *Rivera v. Aerovias de Mexico, S.A. de C.V.*, 690 F. Supp. 3d 906, 909-10 (N.D. Ill. 2023); *Simpson v. Brewer*, 19-CV-00410-NJR, 2021 WL 8053541, at *1 (S.D. Ill. Aug. 2, 2021) ("While the Court agrees that Dr.

---

[6] Simply put, Defendants knew of Dr. Wen's role as a treating physician for a prolonged period of time and did not take any action to depose him - even after being asked by Plaintiff if they intended to do so (*see* Docs. 132-5, 132-6, 132-7, 132-9). While Defendant Keeley now seeks to classify Dr. Wen's testimony as being related to causation, prognosis, and future disability, thus requiring expert disclosure, this argument fails to establish that Dr. Wen's anticipated testimony will be expert testimony and not fact testimony. Again, however, this ruling does not prevent Defendants from seeking to exclude Dr. Wen from providing testimony beyond that of a fact witness. Instead, it merely concludes that Dr. Wen is proceeding as a fact witness and resultingly, Defendant Keeley's attempt to compel his deposition after the close of fact discovery is untimely.

Conduah may serve as a fact witness, the Court will limit Dr. Conduah's opinion to his 'observations [ ] and treatment of Plaintiff, essentially he is [limited] [to] testifying about what he saw and did, why he did it and when he did it.'"). Thus, as a treating physician, Dr. Wen's testimony may very well be limited to that of his "personal observations, the diagnoses [he] made, Plaintiff's history, and the treatments [he] provided." *Rivera*, 690 F. Supp. 3d at 909-10. *See also Levingston v. Myles*, 17 C 5947, 2022 WL 952279, at *4 (N.D. Ill. Mar. 30, 2022) ("Because Levingston did not formally disclose any treating physicians as experts, they are treated as fact witnesses. In other words, they may testify to what they observed and the diagnoses they made, but they may not testify about what could have caused the injuries."); *Xidias v. United States*, 2:21-CV-354-TLS, 2024 WL 3982931, at *5 (N.D. Ind. Aug. 29, 2024) ("Thus, a treating physician acts as a fact witness when testifying as to the treating physician's observations, diagnoses, and treatment for which no Rule 26(a)(2)(C) disclosures are required."); *Johnson v. Norfolk S. Ry. Co.*, 3:12-CV-102-JD, 2015 WL 3738545, at *3 (N.D. Ind. June 15, 2015) (limiting treating medical witnesses testimony to topics appropriate for fact witnesses such as their personal observations, examinations, diagnoses, and treatments, and prohibiting counsel from soliciting testimony beyond their individual observations).

Finally, Defendant Keeley also claims that Plaintiffs' retained experts' use of Dr. Wen's reports further justifies the need to treat Dr. Wen as an expert witness. The Court is not persuaded by this contention. For one, the two deposition passages provided by Defendant Keeley do not establish that Plaintiffs' retained experts are merely parroting Dr. Wen's reports (*see generally* Docs. 131-4, 131-5). Rather, at most, they indicate that

Plaintiffs' retained experts utilized Dr. Wen's treatment reports when formulating their own opinions (*see, e.g.*, Doc. 131-5 at p. 3) ("[T]here are discussions of [Plaintiff Zhu's] limitations by his treating providers. Dr. Wen and Dr. Bowman just gave us more specific limitations in terms of his ability to work."). This is entirely permissible. "Medical professionals have long been expected to rely on the opinions of other medical professionals in forming their opinions." *Walker v. Soo Line R. Co.*, 208 F.3d 581, 588 (7th Cir. 2000). Furthermore, to the extent Defendant Keeley seeks to challenge Plaintiffs' experts' reliance on any allegedly faulty (or impermissible) aspects of Dr. Wen's reports, those challenges are more suitably raised in a *Daubert* motion or upon cross-examination.[7]

## Conclusion

For the reasons discussed above, Defendant Keeley's Motion to Compel Deposition of Dr. Wen is **DENIED** (Doc. 131).

To the extent the parties require additional time to prepare dispositive motions and/or Daubert motions in light of this ruling, they may jointly move for an extension of time to do so.

**IT IS SO ORDERED.**

**DATED: January 23, 2026**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

---

[7] Notably, "[t]he Court will exclude expert testimony only if an expert's reliance on the opinions of others is 'too speculative ... or the underlying basis is faulty.'" *Chicago Teachers Union, Local 1 v. Bd. of Educ. of City of Chicago*, 12 C 10311, 2020 WL 914881, at *3 (N.D. Ill. Feb. 25, 2020) (quoting *Walker*, 208 F.3d at 588)). Here, Defendant Keeley's motion has not developed adequate arguments as to this point and, even if it had, moving to compel Dr. Wen's deposition is not the appropriate means by which to challenge Plaintiffs' experts' reliance on Dr. Wen's opinions and reports.